Kulwinder SINGH, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–70235.
Agency No. A76–671–980.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 20, 2004.

Bruce A. Fodiman, San Francisco, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Margaret Perry, Esq., Theresa M. Healy, John C. Cunningham, Esq., Washington, DC, for Respondent.

Before PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM **

Kulwinder Singh, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals, summarily affirming an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review an adverse credibility finding for substantial evidence, *Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000), and we reverse only if the evidence compels a contrary conclusion, *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Substantial evidence supports the IJ's finding that Singh's testimony contained inconsistencies about the events surrounding his arrests. These inconsistencies go to the heart of Singh's claim because his arrests formed the basis of his alleged persecution. *See Chebchoub v. INS,* 257 F.3d 1038, 1042–43 (9th Cir.2001). Accordingly, the record does not compel the conclusion that Singh satisfied his burden of proving eligibility for asylum with credible, direct, and specific evidence. *See Molina–Morales v. INS,* 237 F.3d 1048, 1051 (9th Cir.2001).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

48

Because Singh failed to establish eligibility for asylum, he necessarily failed to establish eligibility for withholding of removal. *See id.* at 1052.

PETITION FOR REVIEW DENIED.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.